Carlisle, for appellant. L. W. Stotesbury, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., dissents.

SWITZER, Respondent, v. VAN SCHAICK, Appellant. (Supreme Court, Appellate Division, First Department. March 20, 1903.) Action by Joseph G. Switzer against Eugene Van Schaick. W. B. Brice, for appellant. H. Siegrist, Jr., for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SYRACUSE & O. L. ELECTRIC RY. CO., Appellant, v. VILLAGE OF PHŒNIX et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 31, 1903.) Action by the Syracuse & Oneida Lake Electric Railway Company against the village of Phœnix and others. No opinion. Order affirmed, with $10 costs and disbursements.

In re TALBOTT. (Supreme Court, Appellate Division, Fourth Department. March 17, 1903.) In the matter of the proceedings for the disbarment of Frank W. Talbott, an attorney and counselor. No opinion. Order entered referring the matters presented to D. P. Morehouse, Esq., an attorney and counselor, as referee, to hear and report the evidence, together with his opinion thereon, to this court at the opening of the term convening May 5th next.

THOMPSON, Respondent, v. RICHARDSON et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 13, 1903.) Action by Pontus I. Thompson against Emma A. Richardson and others. No opinion. Motion to dismiss appeal granted, with costs, unless the appeal papers are served on or before the 25th day of March, 1903, in which event the motion is denied, and the case ordered to be placed upon the April calendar.

THOMPSON, Respondent, v. SCHENECTADY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 6, 1903.) Action by Louise A. Thompson against the Schenectady Railway Company.

PER CURIAM. Judgment affirmed, with costs.

KELLOGG, J., dissents.

In re THOMSON. (Supreme Court, Appellate Division, Third Department. March 27, 1903.) In the matter of the application of Lewis Thomson to lay out a highway in the town of Warrensburgh, and the assessment of damages therefor. No opinion. Decision on motion reserved until the hearing of the appeal by the contestants from the order of March 9, 1903, dismissing the motion to vacate and set aside the decision of the commissioners.

In re TIGHE. (Supreme Court, Appellate Division, Second Department. May 1, 1903.)

In the matter of James G. Tighe, a city magistrate of the city of New York. No opinion. Reference ordered to Hon. George G. Reynolds, as referee, to take proof as to the issues raised in this proceeding by the petition and answering papers, and to report such evidence to this court, together with his opinion.

TOULMIN, Respondent, v. LA DOW, Appellant. (Supreme Court, Appellate Division, Third Department. May 6, 1903.) Action by Henry Aubrey Toulmin against Charles La Dow. No opinion. Judgment affirmed, with costs.

In re TOWNSEND AVE. (Supreme Court, Appellate Division, First Department. April 9, 1903.) In the matter of Townsend avenue. No opinion. Motion for leave to go to the Court of Appeals granted.

In re TRINITY AVE. (Supreme Court, Appellate Division, First Department. April 24, 1903.) In the matter of Trinity avenue. No opinion. Motion denied.

TYLER, Respondent, v. CASE, Appellant. (Supreme Court, Appellate Division, Second Department. March 13, 1903.) Action by Frank H. Tyler against David K. Case. No opinion. Judgment of the Municipal Court affirmed on consent, with costs.

UHLE, Respondent, v. EATON, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 24, 1903.) Action by Jerome Uhle against Arnold L. Eaton.

PER CURIAM. Order modified by striking out the part appealed from and substituting in lieu thereof the following: "But such cancellation of record is not to impair any rights or liens which the trustee in bankruptcy, or any judgment creditor, of the said Arnold L. Eaton, may have acquired." See opinion of SPRING, J., in Pickert v. Same Defendant, 81 N. Y. Supp. 50.

UNION TRUST CO. v. OWEN et al. (Supreme Court, Appellate Division, First Department. March 6, 1903.) Action by the Union Trust Company against John Owen and others. No opinion. Motion denied.

UNIVERSAL TRUST CO., Respondent, v. LENT et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 1, 1903.) Action by the Universal Trust Company against Smith Lent and another. No opinion. Judgment affirmed, with costs.

VANDERHOFF, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 1, 1903.) Action by Wil-

liam Vanderhoff against the New York Central & Hudson River Railroad Company.

PER CURIAM. This cause. having been twice passed when regularly reached, the appeal herein is dismissed, pursuant to general rule 39.

---

VAN EPPS, Respondent, v. SCHENECTADY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 6. 1903.) Action by Belle Van Epps against the Schenectady Railway Company.

PER CURIAM. Judgment affirmed, with costs.

KELLOGG, J., dissents.

---

VANEVERY, Respondent, v. ENNIS et al., Appellants. (City Court of New York, General Term. November, 1902.) Action by Thomas Vanevery against Thomas A. Ennis and others. Chas. Henry Phelps, for appellants. Thomas Sproull and Gormly J. Sproull, for respondent.

CONLAN, J. The appellants' plea and argument are mostly addressed to the grace of the court, and not the judgment that would rigidly enforce the law. The rather lengthy record of an exhaustive trial presents for the most part an attempt on the part of the brokers to excuse the shortcoming of themselves or their office force, or the exchange, upon whose floor they daily transact business and earn commissions. In other words, they say that, because of inherent defects of a system, of which their own daily activities constitute a portion, irrespective of the true merits of the plaintiff's claim, they should be let off from the performance of obligations which, had there been no unusual disturbance in the affairs of the exchange, or a day of panic, they would have found nothing to defend against. This appears to have been the view which the jury took of the matter upon the facts proven upon the trial. Careful perusal of the record of proceedings before the jury shows that in some instances, and strictly speaking, the court was at fault in some of its rulings; but where such fault occurred with regard to unimportant, irrelevant, or immaterial matter, its commission should and will not present sufficient ground or reason for · overturning a result below which, upon the whole case, shows proper, unprejudiced, and dispassionate consideration by the jury. It appears that substantial justice was done between the parties upon competent and adequate proof. Much might be said and written about the dangers incident to sudden or far-reaching panics upon the stock exchange of this or any other great city; but it is enough, in passing, to remark that persons dealing with each other in the manner and under the condition of the parties to this action, contract with each other, assume obligations, and must accept results with, presumably, full knowledge of the surroundings and possible conditions in performance of their agreements. In this case the findings by the jury and rulings by the court present a result which should remain of record. The judgment and order appealed from should be affirmed, with costs.

SEABURY, J. (concurring). The complaint sets forth two causes of action. The first cause of action for $775 is predicated upon the alleged negligence of the defendants as stockbrokers in failing to purchase certain stocks ordered by the plaintiff. The · second cause of action alleged is for cash deposited with the defendants as "margins," amounting to $646.32. It appears from the testimony that on May 9, 1901, between the hours of 11 and 12 in the forenoon, the plaintiff gave the defendants an order, which they accepted, to buy for him 40 shares of the stock of the Missouri Pacific Railway Company at the market price. The order was an "unlimited" one and imposed no restriction as to price upon the broker. When the order to buy was given to the defendants Missouri Pacific stock was selling at 79. The circumstances existing on the day in question, on the floor of the Consolidated Stock Exchange, were abnormal. It was a day of panic, and much confusion existed on that account in the offices of brokers and on the floor of the stock exchange. The first question to be determined on this appeal is, what duty were the defendants under toward the plaintiff when the order to buy was placed with them? It was not an absolute duty which the defendants were bound under all circumstances to perform. The duty which the law required of the defendants in reference to executing the orders of their customers was commensurate merely with existing opportunities for its performance. The law does not require them to do that which is impossible, or to do that which can only be done as a result of extraordinary diligence or effort. The broker is required to exercise due and reasonable diligence under the existing circumstances.. Measured by this standard, I think the jury were justified in finding the defendants guilty of negligence. The evidence showed that over 15,000 shares of Missouri Pacific stock were sold on the floor of the Consolidated Exchange on the morning in question. Notwithstanding the prevailing condition of panic, these sales were actually made. Although the stock was selling at 79 when the order was given to the brokers, many hundred shares of this stock were sold at prices ranging between 70 and 79. It should, however, be recalled that the order given to the defendants was an unlimited one, and that they were not limited to purchasing at 79 or less. In view of the fact that thousands of shares of this stock were sold on this exchange that morning, and that the broker was not limited as to the price which he could pay for the stock, we think that the finding of the jury that the defendants were negligent in not purchasing 40 shares of this stock for the plaintiff was entirely justified. I think the evidence in support of the second cause of action was sufficient to sustain the finding of the jury. For the reasons above stated, I concur in the result reached in the opinion of Mr. Justice CONLAN, that this judgment should be affirmed.

---

In re VAN SCOY'S ESTATE. (Supreme Court, Appellate Division, Fourth Department. March 24, 1903.) In the matter of the apprais-